**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK EDWARD COOK,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

    /

CRIMINAL CASE NO. 04-50031

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 18 U.S.C. § 3582(c)
TO MODIFY SENTENCE AND UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 31)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington (Doc. 32), is Mark Edward Cook's motion to modify or vacate his federal custodial sentence, which was filed under 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255, alternatively. Respondent submitted a response (Doc. 34) and Petitioner Cook (hereafter "Cook") filed a reply. (Doc. 35.) I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

B.  Background

Cook was charged in a six-count indictment with violations of bank robbery under 18 U.S.C. § 2113(a) (Counts I, II, III, IV, and VI ) and with attempted bank robbery under 18 U.S.C. § 3113(a) (Count V).  (Doc. 8.)  Pursuant to a plea agreement, Cook pleaded guilty to all six Counts of the indictment.  The Rule 11 Agreement stated that "[a]ny other counts against defendant in this case will be dismissed." (Doc. 17 at 1-2.)  The plea agreement also provided that Cook agreed to a sentence of no more than the mid-point of the applicable sentencing guideline range.  (Doc. 17 at 3-4.)  The agreement also stated the government's position that Cook was a career offender, but that Cook reserved the right to contend that he is not a career offender.  (Doc. 17 at 5.)  Judgment was entered on December 1, 2004, sentencing Cook to 169 months on each of Counts I-VI, to be served concurrently, and to be served concurrently with Cook's state court sentence in Oakland County Circuit Court.  (Doc.  21 at 2.)

Cook filed a notice of appeal on December 8, 2004.  (Doc. 23.)  The Sixth Circuit issued its mandate on April 24, 2006, dismissing the case.  (Doc. 30.)  On July 7, 2010, Cook filed the instant motion to vacate his sentence under § 2255.  (Doc. 31.)

Cook asserted in the district court, on appeal, and in the instant motion that because he was arrested and charged for the prior bank robberies occurring in Oakland County on the same day as the federal charges, there was no intervening arrest, and he was sentenced for the federal and state offenses on the same day, the Oakland County convictions could not be used to establish career offender status.  (Doc. 31 at 2.)  Cook's argument was rejected at the trial court and the appellate level based on *United States v. Horn*, 355 F.3d 610 (6th Cir. 2000).  On November 1, 2007, the Sentencing Commission adopted Amendment 709 which amended the career offender provision of the sentencing guidelines to state that, "[i]f there is no intervening arrest, prior

2

sentences are counted separately unless . . . (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). The government concedes that, "[h]ad this amendment been in effect at the time of defendant's sentencing, he would not have been a career offender." (Doc. 34 at 2.) The amendment was not made retroactive.

The defendant in *Horn, supra*, moved for a modification, i.e., reduction of sentence under 18 U.S.C. § 3582(c)(2), and the factual scenario in *Horn* mirrors the facts in the instant case. Although the amendment was not made retroactive by the Sentencing Commission, the district judge found that the Sentencing Commission's decision could not limit a district judge's ability to modify a sentence so he re-sentenced defendant Horn as if he had not been a career offender. *United States v. Horn*, 590 F. Supp. 2d 976, 981 (M.D. Tenn. 2008). Cook initially relied on that decision to support the instant motion filed on July 7, 2010. (Doc. 31.) On July 26, 2010, however, that decision was reversed by the Sixth Circuit.

In *United States v. Horn*, 612 F.3d 524, 527-28 (6th Cir. 2010), the Sixth Circuit found that the "district court lacked authority to resentence Horn because 18 U.S.C. § 3582 and U.S.S.G. § 1B1.10 provide that the [Sentencing] Commission's retroactivity determinations control whether district courts may resentence defendants, and the Commission has not designated Amendment 709 for retroactive application." *Horn*, 612 F.3d at 527.[1]

In his reply brief, Cook acknowledges that, "as a consequence [of the recent opinion in *Horn*], the district court is without the authority to grant relief under 28 U.S.C. § 3582(c)." (Doc. 35 at 2.) He argues, however, that the *Horn* decision does not prevent this Court from granting

---

[1]The Sixth Circuit also rejected Horn's contention that district judges could resentence despite the guideline's indication that Amendment 709 would not be applied retroactively because *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), rendered the entirety of the sentencing guidelines advisory.

relief under 28 U.S.C. § 2255 and states that this is not a second or successive § 2255 motion. (Doc. 35 at 2.) Thus, Cook has abandoned his argument for relief under § 3582(c) and relies solely on § 2255 for relief.

The government responds that a § 2255 motion would be untimely as his conviction became final in 2006 when the Sixth Circuit issued its mandate. (Doc. 34 at 4-5.) Cook replies that he is entitled to equitable tolling to avoid the conclusion that his motion to vacate sentence is untimely. (*Id.*)

  C. **Analysis and Conclusions**

  1. **Limitations Period**

In order to prevail on a section 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), applies in this case because the petition was filed after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA contains a one-year statute of limitations for petitions seeking to vacate, set aside or correct federal sentences. 28 U.S.C. § 2255(f).[2] "Prior to this [enactment], a

---

[2] 28 U.S.C. § 2255(f) states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

  (1) the date on which the judgment of conviction became final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

4

party could bring a § 2255 motion at any time." *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997). Pursuant to § 2255(f)(1), the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 petitioner does not pursue a direct appeal to the court of appeals, his or her conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003).

Cook's conviction was final in 2006, i.e., 90 days after the Sixth Circuit's decision or 69 days after the mandate of April 24, 2006. Therefore, this § 2255 motion, which was filed on July 7, 2010, is untimely unless equitable tolling applies.

Cook contends that he is entitled to equitable tolling because the Sentencing Commission did not issue Amendment 709 until more than one year after his conviction became final. (Doc. 35 at 2.) Even assuming, *arguendo*, that Cook would be entitled to equitable tolling,[3] I suggest that Cook cannot prevail on his underlying claim for retroactive application of Amendment 709.

---

applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Ineffective assistance of counsel does not apply in this context, because [petitioner] possessed no right to counsel in the prosecution of a § 2255 motion." *Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001).

## 2. Retroactive Application of Amendment 709

Under a § 2255 motion, the sentencing guidelines allow a court that has used an earlier edition of the guidelines manual at the time of sentencing to "consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." U.S.S.G. § 1B1.11(b)(2). Therefore, the Sixth Circuit has "consistently recognized that clarifying amendments may be applied retroactively to discern the Sentencing Commission's intent regarding the application of the pre-amendment guideline." *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007). The "three factors to consider when determining if a guidelines amendment 'is properly considered a clarification or a substantive change [are]: (1) how the Sentencing Commission characterized the amendment; (2) whether the amendment changes the language of the guideline itself or changes only the commentary for the guideline; and (3) whether the amendment resolves an ambiguity in the original wording of the guideline." *United States v. DeCarlo*, 434 F.3d 447, 459 (6th Cir. 2006) (quotations & citations omitted).

The Sentencing Commission described Amendment 709 as one that "simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline." U.S.S.G. Supp. to Appen. C. This characterization does not answer the question whether the amendment was a clarification or a substantive change since a "simplifying" amendment could be either. Therefore, I suggest that the first factor does not weigh in favor of either conclusion.

As to the second factor, Amendment 709 changed the language of the guideline. At the time of Cook's sentencing, the guideline stated that "[p]rior sentences imposed in unrelated cases are to be counted separately [while] [p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). Application Note 3 further explained that "prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B)

6

were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."

*Id.* Amendment 709 rewrote U.S.S.G. § 4A1.2(a)(2) to state:

> If a defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. . . . If there is no intervening arrest, prior sentences are counted separately unless (A) the sentence resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

This language is markedly different from the prior version. Thus, I suggest that the second factor weighs in favor of concluding that Amendment 709 was a substantive change rather than a clarification.

As to the third factor, I suggest that Amendment 709 does not resolve an ambiguity and thus, that this factor favors the conclusion that the amendment is a substantive change rather than a clarification.

Since I suggest that none of the factors militate in favor of a finding that Amendment 709 was a clarification rather than a substantive change, I further suggest that the Court should not apply the changes retroactively as requested in this § 2255 motion. *See Carson v. United States*, No. 1:04 CR 626, 2010 WL 2802958 (N.D. Ohio July 14, 2010) (finding Amendment 709 made substantive changes and concluding that "the Court is without inclination or authority to apply the changes retroactively in response to a motion under 28 U.S.C. § 2255."); *Cantu v. United States*, No. 1:05-CR-52, 2008 WL 2397629 (W.D. Mich. June 11, 2008) (finding that "Amendment 709 is not a clarifying amendment capable of affording [p]etitioner relief in his § 2255 motion."). I therefore suggest that Cook's motion be denied.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                         s/ Charles E Binder
                              CHARLES E. BINDER
Dated: November 15, 2010            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Mark Edward Cook # 32266-039, FCI McKean, P.O. Box 8000, Bradford, PA 16701-8000.

Date: November 15, 2010               By: s/Patricia T. Morris
                                        Law Clerk to Magistrate Judge Binder