UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK EDWARD COOK,

          Petitioner,

                                          Case Number 04-50031
                                          Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

          Respondent.
_____/

**<u>ORDER SUSTAINING IN PART AND OVERRULING IN PART PETITIONER'S OBJECTIONS, REJECTING IN PART REPORT AND ADOPTING RECOMMENDATION, AND DENYING PETITIONER'S MOTION FOR MODIFICATION OF SENTENCE</u>**

On July 7, 2007, Petitioner Mark Cook filed a motion to modify or vacate his federal custodial sentence, which was filed under 18 U.S.C. § 3582(c) and, alternatively, 28 U.S.C. § 2255 [Dkt. #31]. On July 27, 2010, Petitioner's motion was referred to United States Magistrate Judge Charles E. Binder for report and recommendation [Dkt. #32]. Judge Binder issued a report and recommendation on Petitioner's motion on November 15, 2010 [Dkt. # 36]. In his report, Judge Binder first notes that Petitioner acknowledged in his reply brief that the Court does not have the authority to grant relief under § 3582(c) as a result of *United States v. Horn*, 612 F.3d 524 (6th Cir. 2010). Judge Binder also concludes that Petitioner's motion should be denied because his § 2255 motion is untimely unless equitable tolling applies and even if equitable tolling were to apply, Amendment 709 to the United States Sentencing Guidelines does not apply retroactively in order to grant Petitioner the relief he seeks. On November 29, 2010, Petitioner filed an objection [Dkt. # 37] to Judge Binder's report and recommendation.

The Court has reviewed the report and recommendation, and agrees that even if equitable

tolling were to apply to Petitioner's § 2255 motion, Amendment 709 does not apply retroactively. Accordingly, the Court will overrule Petitioner's objections, adopt Judge Binder's report and recommendation, and deny Plaintiff's motion to modify or vacate his federal custodial sentence.

**I**

Petitioner was charged in a May 12, 2004 indictment with five counts of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of attempted bank robbery in violation of 18 U.S.C. § 3113(a) [Dkt. # 3]. Pursuant to a plea agreement, Petitioner pleaded guilty to all six Counts of the indictment. The Rule 11 Agreement provided that "[a]ny other counts against defendant in this case will be dismissed." [Dkt. # 17]. The plea agreement provided for a sentence of no more than the mid-point of the applicable sentencing guideline range. [Dkt. # 17]. The agreement also stated the government's contention that Petitioner was a career offender, but that he reserved the right to challenge that classification. [Dkt. # 17]. Judgment was entered on December 1, 2004 by the Honorable Paul V. Gadola [Dkt. # 21], sentencing Petitioner to 169 months on each of Counts I-VI, to be served concurrently, and to be served concurrently with his state court sentence in Oakland County Circuit Court. Petitioner then filed a notice of appeal on December 8, 2004 [Dkt. #23]. The United States Court of Appeals for the Sixth Circuit issued an opinion on March 27, 2006 [Dkt. # 29], concluding that the district court had not erred in finding that Petitioner's prior convictions were not related and thus the Court did not err in sentencing him as a career offender. The Sixth Circuit affirmed Petitioner's sentence and issued a mandate on April 24, 2006, dismissing the case. [Dkt. # 30]. On July 7, 2010, Petitioner filed the instant motion to vacate his sentence under § 2255 and § 3582(c). [Dkt. #31]. Pursuant to an administrative order and E.D. Mich. Local Rule 57.10(b)(5), this post-judgment matter was reassigned from Judge Gadola to Judge Thomas L. Ludington.

Petitioner asserted in the district court, on appeal, and in the instant motion that because he was sentenced on the same day for two separate bank robberies that were committed on December 3 and December 9, 1997, and there was no intervening arrest, the two prior Livingston County convictions for bank robbery should have been considered "functionally consolidated." As a result, Petitioner's Livingston County bank robbery convictions should not have been used to establish career offender status for federal sentencing purposes. Petitioner's argument was rejected at the trial court and the appellate level based on *United States v. Horn*, 355 F.3d 610 (6th Cir. 2000), where the court held that "cases are not consolidated when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation." The appellate court noted that in Petitioner's sentencing on the Livingston County bank robbery convictions he was advised that absent a plea, he would be entitled to two separate trials and that Petitioner had not provided any evidence that the trial court had otherwise shown any explicit indication of its intent to consolidate the convictions. [Dkt. # 29 at 4].

On November 1, 2007, the Sentencing Commission adopted Amendment 709 which amended the career offender provision of the sentencing guidelines to state that, "[i]f there is no intervening arrest, prior sentences are counted separately unless . . . (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). The government conceded that, "[h]ad this amendment been in effect at the time of defendant's sentencing, he would not have been a career offender." [Dkt. # 34 at 2]. The amendment, however, was not made retroactive.

Petitioner initially relied on *United States v. Horn*, 590 F. Supp. 2d 976 (M.D. Tenn. 2008), to support the instant motion, which was filed on July 7, 2010. The defendant in *Horn* moved for a modification, i.e., reduction of sentence under 18 U.S.C. § 3582(c)(2), and the factual scenario in

-3-

*Horn* mirrors the facts in the instant case. Although the amendment was not made retroactive by the Sentencing Commission, the district judge found that the Sentencing Commission's decision could not limit a district judge's ability to modify a sentence so he re-sentenced defendant Horn as if he had not been a career offender. *Id.* at 981. On July 26, 2010, the district court's decision was reversed by the Sixth Circuit which found that the "district court lacked authority to resentence Horn because 18 U.S.C. § 3582 and U.S.S.G. § 1B1.10 provide that the [Sentencing] Commission's retroactivity determinations control whether district courts may resentence defendants, and the Commission has not designated Amendment 709 for retroactive application." *United States v. Horn*, 612 F.3d 524, 527-28 (6th Cir. 2010).

## II

Petitioner has made two objections to the magistrate judge's report and recommendation. Each will be discussed separately below.

### A

Petitioner's first objection is that Judge Binder's report and recommendation misrepresents the facts and arguments raised in support of Petitioner's motion. Petitioner notes that he argued that his two prior Livingston County convictions for bank robbery should have been considered functionally consolidated. Judge Binder instead stated that Petitioner challenged the prior arrest and charges in the bank robberies occurring in Oakland County on the same day as his federal charges in the instant case. Petitioner is correct that this was a mis-statement of fact, and Petitioner's factual arguments have been corrected in this order. Accordingly, Plaintiff's first objection is sustained.

### B

Petitioner's second objection is to Judge Binder's conclusion that Amendment 709 should

not be applied retroactively to his sentence because the amendment constitutes a substantive change rather than a clarification. Petitioner argues that Amendment 709 was created to resolve an ambiguity in the original language of the guideline and contends that Judge Binder was incorrect in his conclusion as to the second factor in *United States v. DeCarlo*, 434 F.3d 447, 459 (6th Cir. 2006), which requires considering whether the amendment changes the language of the guideline itself or changes only commentary for the guideline.

Before Amendment 709, "related cases" were those where no intervening arrest separate the cases and they occurred on the same occasions, were part of a common scheme or plan, or were consolidated for trial or sentencing. U.S.S.G. § 4A1.2 n.3. The courts interpreted the language of the guideline narrowly, resulting in "simultaneous crimes . . . or crimes with explicit evidence that they [were] planned together" rendering the offenses "related." *Untied States v. Martin*, 438 F.3d 621, 640 (6th Cir. 2006) (Martin, J., concurring). Some courts required a formal order of consolidation for related cases, while others did not. *Compare United States v. Correa*, 114 F.3d 314, 317 (1st Cir. 1997), *with United States v. Huskey*, 137 F.3d 283, 288 (5th Cir. 1998). Under Amendment 709, prior sentences are not considered related if they were for offenses that were separated by an intervening arrest but are considered related if they resulted from offenses that occurred on the same occasion, were part of a single common scheme or plan, or were consolidated for trial or sentencing. According to the Sentencing Commission, Amendment 709 "addresses the counting of multiple prior sentences. U.S.S.G. Supp. to App. C, Amendment 709 (Nov. 1, 2007). The Commission [] heard from a number of practitioners throughout the criminal justice system that 'related cases' rules at subsection (a)(2) of § 4A1.2 . . . and Application Note 3 of § 4A1.2 are too complex and lead to confusion." U.S.S.G. Supp. to App. C, Amendment 709, Reason for

Amendment.

Petitioner contends that Amendment 709 was expressly characterized by the Sentencing Commission as a clarifying amendment when they described the amendment as one which "simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline." U.S.S.G. Supp. to App. C, Amendment 709, Reason for Amendment. The reason for the change in terminology in the guideline was to eliminate the use of the term "related cases" and to instead use to the terms "single" and "separate" sentences because some misunderstood the term "related cases" as suggesting a relationship between the prior sentences and the instant offense. U.S.S.G. Supp. to App. C, Amendment 709, Reason for Amendment. Petitioner asserts that this makes clear that the change in terminology was not meant to create anything new or original, and cannot be considered a substantive change. Petitioner emphasizes the Sentencing Commission's commentary did not express any intent to reduce or expand the scope of the "related cases" rule in the original guideline. As a result, Petitioner argues that the second *DeCarlo* factor should be given little, if any, weight and Amendment 709 should be considered a clarifying amendment.

"An amendment is clarifying if it 'changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant.' " *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir.2007) (quoting *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir.1995)). Although Amendment 709 resolves an ambiguity, the changes to the language in the guideline are substantive even though there is an overlap in the application of the guideline. As noted in *Carson v. United States*, No. 1:04 CR 626, 2010 WL 2802958, at *3 (N.D. Ohio July 14, 2010), certain categories of defendants benefit more from the amendment while

others were benefitted more by the prior version of the guideline. Petitioner argues that the court's example in *Carson* is "fatally flawed" because the only defendants who benefit from the amendment are those in circuits where the "related cases" doctrine was being misapplied.

However, the Sentencing Commission chose not to simply resolve or clarify the ambiguity or circuit conflicts but instead enacted an entirely new methodology for treating prior convictions. *See Cantu v. Unuted States*, No. 1:05-cr-52, 2008 WL 2397629, at *2 (W.D. Mich. June 11, 2008). Instead of clarification in favor of one view or the other, the Sentencing Commission adopted a new blanket rule that "eliminated the ambiguity by going beyond any circuit's reading of the previous rule in a manner favorable to the defendant." *United States v. Godin*, 522 F.3d 133, 135 (1st Cir. 2008). Moreover, every circuit court to consider the issue has held that Amendment 709 is a substantive change in the law and not a clarifying amendment to be applied retroactively. *Id.*; *United States v. Wood*, 526 F.3d 82, 87-88 (3d Cir. 2008); *United States v. Marler*, No. 07-30181, 2008 WL 2220409, *2 n.1 (9th Cir. May 29, 2008).

Petitioner additionally urges the Court to follow the reasoning of the district court in *Horn* because the case was decided on appeal pursuant to a § 3582(c)(2) motion, not a § 2255 motion as in the instant case. Furthermore, the appellate court "did not upset the district court's holding relating to retroactivity" of Amendment 709. Petitioner contends that the appellate court was presented with a limited question of jurisdiction and had defendant Horn been able to proceed under § 2255, he would have prevailed in the relief he sought.

Regarding retroactivity, the district court in *Horn* found that the Sentencing Commission chose to designate Amendment 709 for prospective application only, but the court ultimately rejected this determination for "policy reasons" in deciding that it was within the court's discretion

to resentence the defendant. *Horn*, 590 F. Supp. 2d at 985, 989. The appellate court reversed, finding that the Sentencing Commission had declined to designate Amendment 709 for retroactive application. *Horn*, 612 F.3d at 525. The appellate court further states that the Sentencing Commission's retroactivity determinations under § 1B1.10 control whether a defendant may be resentenced based on a subsequent Guidelines amendment pursuant to a § 3582(c)(2) motion. *Id.* at 525*; see also United States v. Vassar*, 346 F. App'x 17, 28 (6th Cir. 2009) ("Amendment 709 does not apply retroactively"). Petitioner is correct that the appellate court's findings in *Horn* do not address the retroactive application of Amendment 709 pursuant to a § 2255 motion, but Petitioner does not provide any evidence or legal argument as to why Horn would have prevailed at the appellate level had he been able to proceed under § 2255.

For the reasons provided above, Petitioner's second objection will be overruled.

### III

Accordingly, it is **ORDERED** that the magistrate judge's report is **REJECTED IN PART** and the recommendation [Dkt # 36] is **ADOPTED**.

It is further **ORDERED** that Petitioner's objection to the report and recommendation [Dkt. # 37] is **SUSTAINED IN PART AND OVERRULED IN PART** .

It is further **ORDERED** that Petitioner's motion for modification of sentence [Dkt. # 31] is **DENIED.**

                                               s/Thomas L. Ludington  
                                               THOMAS L. LUDINGTON  
                                               United States District Judge

Dated: March 9, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2011.

        s/Tracy A. Jacobs
        TRACY A. JACOBS